**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David LAZO–ROMERO, Defendant–Appellant.**

No. 06–50124.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 29, 2007.

Becky S. Walker, Esq., Jaime Guerrero, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

David Lazo–Romero, Metropolitan Detention Center, Los Angeles, CA, pro se.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM *

David Lazo–Romero appeals his jury trial conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction to review this appeal under 28 U.S.C. § 1291, and we affirm.

■ The district court is required to hold a competency hearing only if it has a "bona fide" doubt as to the defendant's competency. *Williams v. Woodford,* 384 F.3d 567, 603–04 (9th Cir.2004). The district court ordered a psychiatric evaluation of Lazo–Romero after the government raised a doubt as to the defendant's competency to assist in his own defense. *See* 18 U.S.C. § 4241. At no time did the district court, Lazo–Romero, his stand-by counsel, or his paralegal express any concern over Lazo–Romero's competency. Because the psychiatric evaluation concluded that Lazo–Romero was competent to stand trial, the district court, having no reasonable cause to believe that Lazo–Romero was incompetent, was not required to hold a formal hearing.[1] *Williams,* 384 F.3d at 605.

■ While we leave open the question as to whether in other circumstances a district court should appoint counsel to represent a pro se defendant while his competency is at issue, here the government was the only party to express concern as to Lazo–Romero's competency. Because no bona fide doubt existed as to Lazo–Romero's ability to stand trial, the district court did not err in allowing Lazo–Romero to continue to represent himself. *Cf. United States v. George,* 85 F.3d 1433, 1438 (9th Cir.1996) ("A defendant's pro se status does not strip a court of its ability to determine whether reasonable cause exists under section 4241(a)."). Because both parties concede that there was no competency hearing, we reject Lazo–Romero's argument that the district court was required to appoint counsel under 18 U.S.C. § 4247(d).

■ Lazo–Romero also argues that his native language is Spanish, and the Immigration and Customs Enforcement agent read him his *Miranda* rights only in English. Although Lazo–Romero signed a standardized form on which the *Miranda* rights were printed in Spanish, he argues that there is no evidence that he understood his rights or knowingly and intelligently waived them. *See Miranda v. Ari-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. After reviewing the psychiatric evaluation, the government, which initially raised the issue, no longer had concern over Lazo–Romero's competence.

*zona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Assuming that the district court erred in admitting Lazo–Romero's statements, because the government introduced sufficient other evidence satisfying the elements of § 1326, the error was harmless. *See United States v. Gonzalez–Sandoval,* 894 F.2d 1043, 1047 (9th Cir.1990).

**AFFIRMED.**